# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) No. 17-mc-80001 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| PEDRO DONALDSON, | ) |
| | ) |
| Defendant-Appellant. | ) |

## ORDER

The Court reverses the judgment entered against Donaldson. See Statement.

## STATEMENT

After receiving a petty offense ticket for chaining his bike to a handicap ramp at the Jesse Brown VA Medical Center (the "Medical Center"), Defendant-Appellant Pedro Donaldson proceeded to a bench trial before Magistrate Judge Susan Cox. Judge Cox found Donaldson guilty of disorderly conduct that obstructs the normal use of entrances in violation of 38 C.F.R. §§ 1.218(a)(5) and (b)(11). She sentenced him to thirty days' unsupervised probation and prohibited him from chaining his bike in any way to the ramps located at the Medical Center. Judge Cox waived the fine and court processing fee. Donaldson now appeals, challenging whether the evidence sufficiently established that Donaldson unreasonably obstructed the normal use of an entrance to the Medical Center as required to establish a violation of § 1.218(a)(5).

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2) provides that "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Using the same rules as those that apply to appeals, *id.*, in evaluating the sufficiency of the evidence, the Court considers the evidence in the light most favorable to the government and reverses only if the record contains no evidence from which a rational trier of fact could find guilt beyond a reasonable doubt, *United States v. Faulkner*, 885 F.3d 488, 492 (7th Cir. 2018). The Court "cannot re-weigh evidence or reassess witness credibility." *Id.*

The facts established at Donaldson's bench trial are as follows: The entrance to the Medical Center has two handicap ramps, each approximately five feet wide, surrounded by grass. On August 25, 2016, while on the north handicap ramp, Donaldson began to lock his bike to the ramp's railing. Observing Donaldson, Sergeant Carlos Echeverry told him to move the bike to the bike rack. Instead of following Echeverry's orders, Donaldson moved his bike to the grassy area and chained the bike to the handicap ramp's railing. Donaldson then pulled out a camcorder

to film the remainder of the encounter. Echeverry informed Donaldson that if he did not move his bike from the grassy area to the bike rack, Echeverry would issue Donaldson a ticket. Donaldson did not move his bike, and Echeverry issued him a citation for "disorderly conduct which obstructs the normal use of entrances (handicap ramp blockage)" in violation of 38 C.F.R. 1.218(b)(11). Doc. 1-1. Photographs introduced into evidence show one of the handlebars of Donaldson's bike hovering over the handicap ramp railing.

Section 1.218(a)(5), pertaining to rules and regulations at VA property, reads:

> (5) Disturbances. Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly is prohibited.

The accompanying penalty provision, § 1.218(b), provides that "[c]onduct in violation of the rules and regulations set forth in paragraph (a) of this section subjects an offender to arrest and removal from the premises." Additionally, being found guilty of § 1.218(a)(5) subjects an offender to a $250 fine, with the regulation there using the language "disorderly conduct . . . which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility." 38 C.F.R. § 1.218(b)(11). In finding Donaldson guilty, Judge Cox tracked this language, finding that Donaldson's bike "tend[ed] to impede that handicapped ramp." Doc. 16 at 27–28.

Donaldson argues, however, that based on the facts established at his trial, no reasonable trier of fact could find that his bike "unreasonably obstructed" the usual use of the handicap ramp so as to establish a violation of the regulation. The government does not contest that it needed to prove an unreasonable obstruction of the usual use of the ramp as opposed to merely that the bike "tend[ed] to impede the handicapped ramp," as Judge Cox found. *See* Doc. 16. at 27. The parties' only disagreement, then, is the level of obstruction that constitutes a violation under the regulation and whether the placement of Donaldson's bike on the grassy area constituted such an unreasonable obstruction.[1]

---

[1] At oral argument, the government argued that the Court should consider whether Donaldson violated § 1.218(a)(5) when his bike was located on the handicap ramp, which the Court had posited as an example of an unreasonable obstruction. The government essentially argued that the Court should find an alternative basis to affirm Judge Cox's finding of guilt, despite the fact that during the bench trial the government had only proceeded on the basis that the ticket was issued for Donaldson chaining his bike to the handicap ramp while it was placed on the grassy area, not for its initial placement on the handicap ramp. Judge Cox's finding of guilt similarly rests on the same premise, that the bike tended to impede the handicap ramp even though it was on the grass and the handlebar hung over the railing. No one considered the issue of whether Donaldson violated the regulation while his bike was on the ramp. The

2

Although the Court need not establish a bright line rule for what amounts to an unreasonable obstruction, it agrees with Donaldson that no rational trier of fact could find that his bike, located on the grassy area with only the handlebar protruding over the railing of the handicap ramp, falls into that category so as to constitute a violation of § 1.218(a)(5). Because the regulation uses the term "unreasonable" to modify "obstruction," it allows for some blockage or impediments to normal use before a violation occurs. *See Donovan v. Penn. Co.*, 199 U.S. 279, 303, 26 S. Ct. 91, 50 L. Ed. 192 (1905) (defining "materially obstructive" as "of such exclusive character as, in a substantial sense, to prevent others from also using it upon equal terms, for legitimate purposes"). The permissible obstruction would clearly encompass the situation at hand, where the handlebar of Donaldson's bike, which protruded over the railing, would at most require an individual to adjust his or her grip on the railing for a step or two and does not pose any impediment to use of the south railing of the ramp. By contrast, if Donaldson's bike had been chained to the inside of the handicap ramp, such an obstruction would not qualify as reasonable, where an individual using the handrail for support would have to let go of it for the entire length of the bike. *See United States v. Gilbert*, 47 F.3d 1116, 1118 (11th Cir. 1995) (defendant unreasonably obstructed the usual use of the entrance of a federal building by lying down in front of a revolving door to the courthouse). Because Donaldson's bike did not unreasonably obstruct the usual use of the handicap ramp, allowing passage and at most requiring an individual to move one's hand for a moment when encountering the handlebars sitting above the railing, the Court concludes that Donaldson's conviction must be reversed.


Date: August 13, 2018                                              /s/ Sara L. Ellis

---

government cannot now proceed on this belated assertion of an alternative ground for the ticket, which it did not present to Judge Cox, the trier of fact. *See McCormick v. United States*, 500 U.S. 257, 270 n.8, 111 S. Ct. 1807, 114 L. Ed. 2d 307 (1991) ("This court has never held that the right to a jury trial is satisfied when an appellate court retries a case on appeal under different instructions and on a different theory than was ever presented to the jury. Appellate courts are not permitted to affirm convictions on any theory they please simply because the facts necessary to support the theory were presented to the jury."); *Chiarella v. United States*, 445 U.S. 222, 236, 100 S. Ct. 1108, 63 L. Ed. 2d 348 (1980) (rejecting an alternative theory proffered by the government to support a criminal conviction where that alternative theory had not been submitted to the jury); *Dunn v. United States*, 442 U.S. 100, 106–07, 99 S. Ct. 2190, 60 L. Ed. 2d 743 (1979) (stating that although a jury might have reached the same verdict if the prosecution had based its case on the facts on which the appellate court based its decision instead of on the prosecution's theory at trial, "the offense was not so defined, and appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial").